```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JUSTICE LOVELL                                    CIVIL ACTION

VERSUS                                            NO: 13-1260

QUALITY ENERGY SERVICES, INC.                     SECTION: J
```

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 38)** filed by Defendant, Quality Energy Services, Inc. ("QES"), as well as an *Opposition* **(Rec. Doc. 47)** by Plaintiff Justice Lovell ("Plaintiff") and QES's *Reply* **(Rec. Doc. 55)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motions should be **GRANTED.**

## PROCEDURAL AND FACTUAL BACKGROUND

At all pertinent times, Plaintiff was employed as a wireline assistant by QES. On August 9, 2012, Plaintiff was working for QES on a platform owned by Dynamic Offshore Resources, L.L.C., which is not a party to this suit. Plaintiff alleges that on the date of the accident, he was positioned on the platform and was in the process of opening a well when his right leg fell through a piece of plastic grating that was not properly secured. Plaintiff was diagnosed with a sprained ankle and began using medication, crutches, physical therapy, and injections. Plaintiff alleges that

1

he continued to experience persistent pain over the next seven (7) months, at which time an orthopaedic surgeon diagnosed Plaintiff with osteochondritis dissecans, at which point Plaintiff underwent surgery.

Plaintiff filed his *Seaman Complaint* (Rec. Doc. 1) against QES on April 18, 2013, seeking maintenance and cure, as well as punitive damages . On July 29, 2014, QES filed the instant *Motion for Summary Judgment* (Rec. Doc. 38), arguing that Plaintiff is not a seaman and that summary judgment should therefore be entered against Plaintiff in this case.

**PARTIES' ARGUMENTS**

QES argues that Plaintiff is not a seaman for two main reasons:

(1) Plaintiff cannot establish a connection to a vessel or identifiable fleet of vessels that was substantial in terms of both duration and nature; and

(2) Even if Plaintiff could establish a substantial connection to a fleet of vessels, Plaintiff has failed to meet the Fifth Circuit's threshold requirement that Plaintiff spend at least thirty percent (30%) of his time in service of a vessel or fleet of vessels.

**A. No Substantial Connection**

QES argues that Plaintiff worked almost entirely on platforms, which are not considered vessels, and that any work that Plaintiff

performed on jack-up rigs was done on various jack-ups that were not under common ownership or control and therefore do no constitute a fleet. Plaintiff argues: "There is no evidence in the record to support [QES's] argument that the various jack-up rigs that he worked on are not under the ownership or control of the same entity, other than the self-serving Affidavit of a [QES] employee." (Rec. Doc. 47, p. 6). Plaintiff alleges that QES failed to answer discovery directed toward the ownership of the various jack-up rigs and requests that the Court grant Plaintiff additional time to determine the ownership of the jack-up rigs to determine whether they are owned by a common entity and thus whether they could qualify as a fleet. QES contends that no further discovery is necessary in this case because even construing all facts in the light most favorable to Plaintiff, there is no genuine issue of material fact as to whether Plaintiff is a seaman.

### B. Thirty Percent Rule

QES also argues that even assuming, arguendo, that Plaintiff had a substantial connection to a fleet of vessels, Plaintiff has admitted that he spent, at most, eighteen percent (18%) of his total work time on jack-up rigs, which fails to meet the Fifth Circuit's thirty percent (30%) threshold requirement. Plaintiff argues that the thirty percent rule is not a bright-line rule and that the Court would be justified in departing from that thirty percent guideline in this case. Plaintiff claims that he can likely

3

show that he spent "at least 28% of his time on vessels" and that the correct figure is "closer to 30%" than the eighteen percent (18%) that QES has calculated. (Rec. Doc. 47, p. 7-8).

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56©); *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court will examine the evidence in the light most favorable to the nonmoving party. *Naquin v. Fluor Daniel Servs. Corp.*, 935 F. Supp. 847, 848 (E.D. La. 1996) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). While all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.2d at 1075. A Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

### A. No Substantial Connection

To overcome summary judgment, the burden of proof is on

5

Plaintiff to submit sufficient evidence of a connection to a vessel or identifiable fleet of vessels that was substantial in terms of both duration and nature. *See Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 375 (5th Cir. 2001). Upon review of Plaintiff's submissions, the Court finds that Plaintiff has failed to produce evidence sufficient to show a genuine issue of material fact as to the common ownership or control of any of the jack-up rigs. The Court agrees with QES that additional discovery on that issue is not warranted because even if Plaintiff were able to establish a substantial connection to a fleet of vessels, Plaintiff would still not be entitled to seaman status, as discussed below.

## B. Thirty Percent Rule

The thirty percent rule of thumb is set forth in the *Chandris* case:

> Generally, the Fifth Circuit seems to have identified an appropriate rule of thumb for the ordinary case: A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act. This figure of course serves as no more than a guideline established by years of experience, and departure from it will certainly be justified in appropriate cases. As we have said, "[t]he inquiry into seaman status is of necessity fact specific; it will depend on the nature of the vessel and the employee's precise relation to it." *Wilander,* 498 U.S., at 356, 111 S.Ct., at 818. Nevertheless, we believe that courts, employers, and maritime workers can all benefit from reference to these general principles. And where undisputed facts reveal that a maritime worker has a clearly inadequate temporal connection to vessels in navigation, the court may take the question from the jury by granting summary judgment or a directed verdict. See, *e.g., Palmer,* 930 F.2d, at 439.

*Chandris, Inc. v. Latsis*, 515 U.S. 347, 371 (1995).

In the instant case, Plaintiff admits that at the very maximum, he spent only twenty-eight percent (28%) of his time in the service of a vessel in navigation. The Court finds that even if Plaintiff had submitted sufficient evidence to show a substantial connection to a fleet of vessels, no deviation from the thirty percent rule is warranted in this case because Plaintiff is the type of worker who has only a "transitory or sporadic connection to a vessel in navigation" and therefore is not the type of worker who passes the substantial connection requirement and should be considered a seaman. *See Chandris*, 515 U.S. at 368.[1]

The Court therefore finds that QES's motion should be granted and that Plaintiff's claims for maintenance and cure and punitive damages should be dismissed with prejudice.[2]

## CONCLUSION

Accordingly,

---

[1] According to the *Chandris* Court:

> The fundamental purpose of this substantial connection requirement is to give full effect to the remedial scheme created by Congress and to separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea.

*Chandris, Inc. v. Latsis*, 515 U.S. at 368.

[2] Plaintiff admits that he has no viable claim for unseaworthiness and has clarified that he never intended to make such a claim in his complaint. (Rec. Doc. 47, p. 3). Therefore, the Court need not address any potential claim for unseaworthiness.

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 38)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's complaint in the above-captioned matter is hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 14th day of August, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE